RECEIVED
USDC, CLERK, CHARLESTON, S

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA          2008 NOV 14  A  8:42

Patsy S. Timmerman,            )    C. A. No. 2:07-3745-RBH-RSC
                               )
              Plaintiff,       )
                               )
           -versus-            )    **REPORT AND RECOMMENDATION**
                               )
Michael J. Astrue,             )
Commissioner of Social         )
Security,                      )
                               )
              Defendant.       )

    This case is before the court pursuant to Local Rule
83.VII.02, D.S.C., concerning the disposition of Social Security
cases in this District.

    The plaintiff, Patsy S. Timmerman, brought this action
pursuant to Section 205(g) of the Social Security Act, as amended
(42 U.S.C. § 405(g)), to obtain judicial review of a final
decision of the Commissioner of Social Security denying the
plaintiff's claims for disability insurance benefits under Title
II of the Social Security Act.

### ADMINISTRATIVE PROCEEDINGS

    The plaintiff filed an application for disability insurance
benefits on November 15, 2002, alleging that she became disabled
on May 30, 2001, due to fibromyalgia, chronic fatigue syndrome,
vulvadima, irritable bowel syndrome, arthritis, and memory and
concentration difficulties. (Tr. 87-89, 100). Pursuant to the
plaintiff's request, a hearing de novo was held on October 31,
2005, before an administrative law judge at which plaintiff and
her legal counsel appeared. Tr. 538-571. On January 6, 2006,

the administrative law judge issued a decision that the plaintiff was not disabled within the meaning of the Act.  Tr. 41-51.  On June 23, 2006, the Appeals Council granted plaintiff's request for review of the administrative law judge's decision and remanded the case to an administrative law judge for further administrative proceedings.  Tr. 80-82.

A supplemental hearing was held on September 12, 2006, at which the plaintiff appeared with counsel, and Arthur Schmitt, a vocational expert.  The administrative law judge considered the case de novo, and on October 13, 2006, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended.  Tr. 13-24.  The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on October 19, 2007.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2006.
>
> 2.  The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b) and 404.1571 et seq.).
>
> 3.  The claimant has the following severe impairments: a history of total knee replacement on the right, arthritis, fibromyalgia syndrome, bursitis, and degenerative disc disease (20 CFR 404.1520(c)).  . . .

2

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of sedentary work, with no further restrictions. . . .

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565), EXCEPT that of guidance counselor.  . . .

7.  The claimant was born on February 21, 1947, and is 59 years old, which is defined as advanced age (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  The claimant has acquired work skills from past relevant work (20 CFR 404.1568).  . . .

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant which are readily transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1560(c), 404.1566 and 404.1568(d)).  . . .

11.  The claimant has not been under a "disability," as defined in the Social Security Act, from May 30, 2001, through the date of this decision (20 CFR 404.1520(f) and 20 CFR 404.1520(g)).

Tr. 18-24.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a

3

disability."  42 U.S.C. § 423(a).  Disability is defined in 42
U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful
> activity by reason of any medically determinable
> physical or mental impairment which can expected
> to result in death or which has lasted or can be
> expected to last for at least 12 continuous
> months.

To facilitate a uniform and efficient processing of
disability claims, the Social Security Act has by regulation
reduced the statutory definition of "disability" to a series of
five sequential questions.  An examiner must determine whether
the claimant (1) is engaged in substantial gainful activity, (2)
has a severe impairment, (3) has an impairment which equals an
impairment contained in the Social Security Act listings of
impairments, (4) has an impairment which prevents past relevant
work, and (5) has an impairment which prevents him from doing any
other work.  20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in
disability cases is narrowly tailored to determine whether the
findings of the Commissioner are supported by substantial
evidence and whether the correct law was applied.  Richardson v.
Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453,
1456 (4th Cir. 1990).  Consequently, the Act precludes a de novo
review of the evidence and requires the court to uphold the
Secretary's decision as long as it is supported by substantial
evidence.  See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988)
(citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)).

The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

### QUESTION PRESENTED

By brief, the plaintiff argued that 1) the administrative law judge committed reversible error by failing to properly consider treating rheumatologist Dr. Peggy Ward's opinion, as well as the opinion of Dr. Edmund P. Gaines, Jr., an agency examining physician;  2) the administrative law judge committed reversible error by failing to discuss relevant medical findings and by misstating evidence; 3) the administrative law judge committed reversible error by interjecting himself into the vocational expert's testimony about transferrable skills and suggesting additional transferrable skills which the vocational expert then adopted; 4) the administrative law judge committed reversible error by failing to elicit testimony from the vocational expert regarding whether the skills identified were transferrable "with little or no vocational adjustment" as required by rule 201.00(f) and 20 C.F.R. § 404.1568(d)(4).

At oral argument before the undersigned on September 18, 2009, Plaintiff's counsel withdrew his third and fourth

arguments.

## PHYSICIAN'S OPINIONS

Plaintiff first argued that the administrative law judge committed reversible error by not addressing Plaintiff's treating rheumatologist Dr. Peggy Ward's opinion, or the conclusions of Dr. Edmund P. Gaines, Jr. who evaluated the plaintiff at the request of the Commissioner.

Social Security regulations address how physicians' opinions are to be considered in disability determinations:

> a. "Regardless of its source, we will evaluate every medical opinion we receive."
> 20 CFR §404.1527(d).

> b. "Examining relationship.  Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you."
> 20 CFR §404.1527(d)(1).

> c. Controlling weight to the opinion of the treating physician under certain circumstances. ...  If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight...[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 CFR §§ 404.1527(d)(2), 416.927(d)(2).

The Commissioner's administrative rulings emphasize the importance of the treating physician's assessment in most cases. Social Security Ruling 96-2p provides:

> "the notice of the determination or decision must contain specific reasons for the weight given to the treating sources medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any

          subsequent reviewers the weight the adjudicator
          gave to the treating source's medical opinion and
          the reasons for
          that weight."

Social Security Ruling 96-5p also reaffirms the need for adjudicators to apply the applicable factors in 20 C.F.R. § 404.1527(d). These factors are the length of treatment, frequency of examination, nature and extent of the treatment relationship, support of opinion afforded by medical evidence, consistency of the opinion with the record as a whole, and specialization of the treating physician. Id.

Here, the plaintiff submitted a notation dated October 31, 2002, from her treating physician, a specialist in rheumatology, indicating that the doctor had advised the plaintiff to seek disability benefits. Tr. 376. The administrative law judge did not mention or discuss this evidence in the hearing decision, and the note appears to indicate the physician's opinion that the plaintiff should not attempt to work on a substantial basis. In addition, the Plaintiff was sent by the Social Security Administration for an evaluation with Dr. Edmund P. Gaines, Jr. on January 24, 2003. Tr. 189-195. Dr. Gaines concluded his evaluation with the statement that, "No matter what the cause, the examinee is unable to function in any reasonable gainful employment at present." Tr. 193. Again, the administrative law judge did not mention or discuss this opinion in the hearing decision.

Further, the medical records submitted indicates that Plaintiff's pain management specialist Dr. Allen Stone had

completed disability forms on her behalf, but for reasons unknown these documents are not part of the Plaintiff's file.  Tr. 489. The administrative law judge did not inquire as to the whereabouts of these forms, or the nature of the opinion provided by Dr. Sloan.

While the final determination of disability is reserved for the Commissioner, the federal regulations specifically state that any doctor's opinion will be considered, and the administrative law judge is required by the regulations to acknowledge these opinions and consider them in performing an assessment of a claimant's case.  The administrative law judge did not comply with the administration's regulations in the present case and committed reversible error in failing to do so.  Without proper consideration of these doctors' opinions, it cannot be said that substantial evidence supports the administrative law judge's decision to deny benefits.

## DISCUSSION OF THE MEDICAL EVIDENCE

Further, it appears that the administrative law judge did not fully and fairly evaluate the medical evidence of record. First, the administrative law judge found that the plaintiff's only severe spinal impairment was degenerative disc disease, and that "MRI's of her cervical spine and her lumbar spine showed degenerative disc disease but no compressive pathology." Tr. 20.  However, the plaintiff's medical records indicate that a December, 1999 lumbar MRI showed para-midline L3-L4 disk protrusions, which displaces and possibly impinges on the descending left L4 nerve root, and slightly narrows the left

8

neuroforamen.  Tr. 236.  Further, a cervical MRI done on December
5, 2001 revealed osteophytes with mild stenosis at C3-4, marked
loss of disc height at C4-5 with disc and osteophyte protrusion
and hypertrophy causing moderately severe neural forminal
stenosis, and a disc protrusion causing moderate stenosis at
C5-6.  There was also a disc protrusion at C6-7 but this disc was
viewed as not causing compressive sequelae.  Tr. 225.  The
findings of moderately severe stenosis in the plaintiff's
cervical spine directly contradicts the administrative law
judge's claim that the plaintiff's only spinal impairment
consisted of degenerative disc disease and that there was no
evidence of compressive sequelae.

    The administrative law judge also wrote in the hearing
decision that while findings on physical examination generally
noted limitation of motion, there was no evidence of swollen
joints, muscle spasm, or atrophy, and motor, sensory, and reflex
findings were unremarkable.  Tr. 21.  Nonetheless, the record
documents the plaintiff's diminished reflexes, diminished
sensation, weakness, swelling in the joints, and spasm.  See,
e.g., Tr. 73, 79, 200, 242, 243, 245, 247, 289, 301.

    Similarly, the administrative law judge's decision suggests
that the plaintiff's activities are not indicative of someone who
is disabled.  Tr. 21 (referring to driving occasionally, getting
hair done, playing solitaire on computer occasionally,
attending church, walking a quarter mile in physical therapy).
However, the administrative law judge did not acknowledge the
numerous references in the record to the plaintiff's extremely

9

limited lifestyle, and problems performing routine daily
activities.  See, e.g., Tr. 73, 189, 210, 234, 368, 491.

The administrative law judge is obligated to consider all
evidence, not just that which is helpful to his decision.
"Judicial review of an administrative decision is impossible
without adequate explanation of that decision by the
administrator."  DeLoatche v. Heckler, 715 F.2d 148, 150 (4th
Cir. 1983); see also, Murphy v. Bowen, 810 F.2d 433, 437 (4th
Cir. 1987) ("the Secretary, through the ALJ, is required to
explicitly 'indicate the weight given to all relevant evidence.'"
quoting Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984)).
Again, it cannot be said that substantial evidence supports the
administrative law judge's decision.

## REMAND OR AWARD BENEFITS

Whether or not to remand or reverse is generally approached
on a practical level.  Certainly an award of benefits is more
appropriate when further proceedings would not serve any useful
purpose, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1985).
Likewise an award of benefits is appropriate when substantial
evidence on the record as a whole indicates that the claimant is
disabled, and the weight of the evidence indicates that a remand
would only delay the receipt of benefits while serving no useful
purpose, or a substantial amount of time has already been
consumed.  Parsons v. Heckler, 739 F.2d 1334, 1341 (8th Cir.
1984); Tennant v. Schweiker, 682 F.2d 707, 710 (8th Cir. 1982).
Also reversal is appropriate when the Commissioner has had an
opportunity to develop the record on an outcome-determinative

10

issue and has failed to produce substantial evidence, <u>Broadbent</u>
<u>v. Harris</u>, 698 F.2d 407, 414 (10th Cir. 1983), <u>Tennant</u>, 682 F.2d
at 710-711; or where "there is not the slightest uncertainty as
to the outcome" and the remand "would be an idle and useless
formality."  <u>NLRB v. Wyman-Gordon Company</u>, 394 U.S. 759, 766 n. 6
(1969); <u>Barry v. Bowen</u>, 862 F.2d 869 (4th Cir. 1988).  On the
other hand, remand is appropriate "where additional
administrative proceedings could remedy defects... ."  <u>Rodriguez</u>
<u>v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1989).

Here, on a practical level the court must be mindful that
the plaintiff applied for benefits six (6) years ago in November
2002 asserting that she became unable to work in May 2001.  An
administrative hearing was conducted and an opinion rendered by
the administrative law judge.  The matter was then remanded to
the administrative law judge by the Appeals Council and another
hearing was conducted and another opinion rendered by the
administrative law judge.  This last opinion is not supported by
substantial evidence and not only has substantial lengths of time
passed without a proper decision but the Commissioner has
remanded the matter once already.  Therefore, it appears that a
remand for an award of benefits is appropriate.

### CONCLUSION

Accordingly, for the aforementioned reasons, it is
recommended that pursuant to the power of this court to enter a
judgment affirming, modifying, or reversing the Commissioner's
decision with remand in Social Security actions under sentence
four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42

U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case is remanded to the Commissioner for an award of benefits.  See, Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991).

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina,

October  31 , 2008

12