

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| PATSY S. TIMMERMAN | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:07-3745-HFF-RSC |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| Defendant. | § | |

## ORDER

**I.     INTRODUCTION**

This case was filed pursuant to 42 U.S.C. § 405(g) of the Social Security Act to obtain judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be reversed and the case remanded to Defendant for an award of benefits. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 14, 2008. Defendant filed his objections to the Report on December 5, 2008; Plaintiff filed her reply on the same day, and Defendant filed his sur-reply the same day.

## II.     DISCUSSION AND ANALYSIS

To begin, the Court will consider the procedural issue raised by Plaintiff's reply and Defendant's sur-reply. Plaintiff argues that Defendant's objections are untimely. Apparently, the original due date docketed for Defendant's objections was December 4, 2008. However, as Defendant notes, that date was modified by the Clerk of Court to reflect the correct date of December 5, 2008. As Defendant's objections were filed on December 5, 2008, the Court finds that those objections are timely and will consider them below.

Defendant's objections largely fall into three categories, corresponding to the three general bases for the Magistrate Judge's decision. Each will be discussed in turn.

### A.     *Failure to Consider the Opinions of Dr. Ward and Dr. Gaines*

The Magistrate Judge concluded that the administrative law judge (ALJ) erred by failing to consider the opinions of Dr. Peggy Ward, one of Plaintiff's treating physicians, and Dr. Edmund Gaines, Jr., who evaluated Plaintiff at the request of Defendant. Dr. Ward advised Plaintiff to seek disability benefits. (Tr. 376.) Dr. Gaines noted that, "the examinee is unable to function in any reasonable gainful employment at present." (Tr. 193.) Additionally, the Magistrate Judge concluded that the ALJ should have inquired into the whereabouts of disability forms completed by Plaintiff's pain management specialist, Dr. Allen Stone.

Importantly, Defendant does not respond to the ALJ's failure to consider the opinions of Drs. Ward and Gaines. Plaintiff visited Dr. Gaines at the request of the Social Security Administration. As noted above, he concluded that "the examinee is unable to function in any reasonable gainful employment at present." (Tr. 193.) Rather than responding directly to the ALJ's omission, the Defendant instead cites portions of Dr. Gaines' findings that appear favorable to Defendant when taken out of context. Specifically, Defendant states that Dr. Gaines "concluded that Plaintiff's symptoms were out of proportion [to the] physical findings, and that she was hypersensitive to pain and touch." (Def.'s Objections 3, 5.) This reference was taken from Dr. Gaines' "Impressions" which are reproduced below:

> The examinee is referred for the x-rays as requested. While she has significant physical findings, her symptoms seem out of proportion to those physical findings. She seems hypersensitive to pain on this examination. I believe the examinee should have a full psychiatric evaluation. No matter what the cause, the examinee is unable to function in any reasonable gainful employment at present. The examinee can handle any funds awarded to her.

(Tr. 193.) Viewed in its entirety, this "impression" or conclusion by a doctor hired by the Social Security Administration states that Plaintiff had significant physical impairments and could not function in any gainful employment. The Fourth Circuit has recognized that "pain itself can be disabling, and it is incumbent upon the ALJ to evaluate the effect of pain on a claimant's ability to function." *Hines v. Barnhart*, 453 F.3d 559, 564 (4th Cir. 2006) (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). At a minimum, the ALJ should have explained why he was not giving any weight to Dr. Gaines' conclusion. *See Koonce v. Apfel*, No. 98-1144, 1999 U.S. App. LEXIS 307 at *7 (4th Cir. Jan. 11, 1999) (noting that ALJ's determination as to weight assigned to medical

3

opinion will not be disturbed unless, inter alia, he "has not given good reason for the weight afforded a particular opinion.").

Similarly, but more importantly, Defendant fails to respond to the Magistrate Judge's conclusion that the ALJ should have considered the opinion of Dr. Ward, one of Plaintiff's treating physicians. As explained in the Report, federal regulations require the Commissioner to consider every medical opinion he receives. 20 C.F.R. 404.1527(d). Additionally, treating sources are generally given greater weight than non-treating medical sources. *See id.* ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone . . . ."). Federal regulations also mandate that "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." *Id.*

Furthermore, the Social Security Administration's own policy ruling requires that

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR No. 96-2p. Stated differently, the ALJ is "required to explicitly indicate the weight given to all relevant evidence." *Murphy v. Brown*, 810 F.2d 433, 437 (4th Cir. 1987) (citations omitted).

In this case, the record makes clear that Dr. Ward was one of Plaintiff's treating physicians, and that she advised Plaintiff that Plaintiff was unable to work. (Hearing Tr. 554, 556.) The record also contains a copy of a note signed by Dr. Ward noting that Plaintiff had been advised to seek

4

disability. (Tr. 376.) The Court has reviewed both the January 6, 2006 and the October 13, 2006 hearing decisions of the ALJ and neither discusses or mentions Dr. Ward's opinion. Thus, upon review, it is unclear whether the ALJ considered this evidence or, if he did, what weight he gave it. As the Magistrate Judge noted, without proper consideration of Dr. Ward's opinion, the Court cannot find that substantial evidence supports the ALJ's decision to deny benefits. Therefore, at a minimum, the ALJ's failure to address the opinion of one of Plaintiff's treating physicians warrants remand.

Unlike the opinions of Drs. Ward and Gaines, Defendant does respond to the missing disability forms prepared by Dr. Stone. Defendant contends that Plaintiff or her counsel[*] should have brought this missing evidence to the ALJ's attention or completed the record herself. Defendant cites an Eighth Circuit case for the general proposition that "the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Clark v. Shalala*, 28 F.3d 828, 831 (8th Cir. 1994).

The Court agrees that the ALJ is not required to function as claimant's counsel, but the ALJ does have a duty to develop a reasonably complete record. *See e.g., Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004) (noting ALJ's duty to make complete record); *Perez v. Chater*, 77 F.3d 41, 47 (2nd Cir. 1996) (noting that ALJ generally has affirmative obligation to develop administrative record, even where claimant is represented by counsel). Although failure to inquire as to the whereabouts of the disability forms by itself might not warrant remand, the Magistrate Judge used

---

[*]After having carefully reviewed the record, the Court notes that Plaintiff was represented at both hearings before the ALJ, but her representative was a non-attorney.

5

this as the third of three examples where the ALJ failed to consider evidence in the record. The first two failures, discussed above, are significant enough to require remand.

    *B.*  *Failure to Fully and Fairly Evaluate the Medical Evidence in the Record*

  Next, the Magistrate Judge concludes that the ALJ did not fully and fairly evaluate the medical evidence in the record. Specifically, the Report notes that the ALJ's finding that "MRI's of her cervical spine and her lumbar spine showed degenerative disc disease but no compressive pathology" (Tr. 20) is inconsistent with the Plaintiff's medical records. In particular, an MRI done on December 5, 2001, revealed moderately severe stenosis at C4-5. (Tr. 225.) Additionally, the Report notes inconsistencies with the ALJ's finding that there was no evidence of swollen joints, muscle spasm or atrophy, and motor, sensory, and reflex findings were unremarkable. (Tr. 21.) The Report cites numerous documents in the administrative record that refer to diminished sensation, weakness, swelling in the joints, and spasm. (Tr. 73, 79, 242, 243, 247, 289, 301.) Furthermore, the Report notes several inconsistences in the record regarding the ALJ's conclusion that Plaintiff's activities were indicative of someone who was not disabled. (Tr. 73, 189, 210, 368.)

  In response, Defendant argues that just because an ailment is present does not automatically entitle a claimant to disability benefits–there must be a related showing of functional loss. Defendant cites numerous examples demonstrating that Plaintiff had full to only mildly decreased ranges of motion. In addition, Defendant contends that the Magistrate Judge is re-weighing conflicting evidence rather than determining whether the ALJ's decision is supported by substantial evidence. Furthermore, regarding Plaintiff's ability to conduct daily tasks, Defendant suggests that by examining the conflicting evidence in the record, the Magistrate Judge is improperly making credibility determinations.

When reviewing the decision of Defendant through the ALJ, the Court's review is deferential. The general inquiry is whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In conducting this review, Defendant is correct that the reviewing court "must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Furthermore, "[i]n reviewing for substantial evidence, [courts] do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [the Court's] judgment for that of the ALJ." *Id.* Nonetheless, it is the Court's task to determine "whether the ALJ has analyzed all of the relevant evidence and sufficiently explained his rationale in crediting certain evidence in conducting [the court's] 'substantial evidence' inquiry." *Durham v. Apfel*, No. 99-1451, 2000 U.S. App. LEXIS 18098 at *10 (4th Cir. July 27, 2000) (citing *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998)).

Despite this relatively deferential standard of review, the Court agrees with the Magistrate Judge that the ALJ did not fully and fairly evaluate the medical evidence in the record. As noted in the Report, the ALJ must consider all the evidence in the record, not just that which is favorable to his decision. *See e.g., Cotter v. Harris*, 642 F.2d 700, 705 (3rd Cir. 1981) (noting that reviewing courts need not only explanation of evidence that supports result but also some indication of evidence which was rejected so that court can determine if this evidence was not credited or simply ignored). The record is replete with examples of Plaintiff's "functional loss" noted by medical professionals. *See e.g.*, Tr. 73 (noting much tightness in paraspinous muscles and diminished knee and ankle jerk reflexes and slightly decreased range of motion in back), Tr. 79 (noting decreased

7

range of motion in back); Tr. 200 (noting diminished pinprick perception), and Tr. 242 (noting muscle spasm and tenderness at spine).

The Court disagrees with Defendant's argument that the Magistrate Judge is re-weighing conflicting evidence or making credibility determinations. It is part of the Court's task in applying substantial evidence review to consider evidence which detracts from the weight of the evidence relied on by Defendant. *Patterson v. Califano*, 475 F Supp. 578, 582 (E.D. Va. 1979). Furthermore, it is the Court's task in applying substantial evidence review to determine whether the ALJ applied the correct law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). As discussed above, the ALJ violated statutory and regulatory provisions by failing to consider or explain the opinions of several doctors, including one of Plaintiff's treating physicians. Additionally, the Magistrate Judge's discussion of conflicting evidence was not a re-weighing of the evidence as Defendant suggests or an evaluation of credibility, but was included as support for the Magistrate Judge's conclusion that the ALJ's decision was unsupported by substantial evidence.

### C.    *Whether to Reverse or Remand*

The Magistrate Judge also concluded that reversal and remand for an award of benefits rather than remand for consideration of additional evidence was appropriate in this case because the case has been pending for six years and has already been remanded, because remand would serve no useful purpose, and because substantial evidence in the record indicates that the claimant is disabled.

Defendant objects to this disposition and argues that remand for further proceedings is more appropriate.

As explained by one court, there are two types of remand under 42 U.S.C. § 405(g):

> The first, which is authorized by the fourth sentence of that section, is where the court is affirming, modifying, or reversing the agency's

> decision and the remand is an incident to that action. . . . The second situation in which a remand is authorized, this by the sixth sentence of section 405(g), is where the court wants to give the agency a chance to consider new evidence that had not been presented in the proceeding before the agency. When a "sentence four" remand is entered the case is over in the district court, but in the case of a "sentence six" remand the court can retain jurisdiction.

*Richmond v. Chater*, 94 F.3d 263, 268 (7th Cir. 1996). Because the disputes in this case involve evidence already in the record, the issue in this case is whether a "sentence four" remand is warranted.

For at least three reasons, the Court concludes that remand, and not reversal, is appropriate in this case:

### 1.     Deference Cautions in Favor of Remand

In deciding whether to reverse or remand outright, the level of deference owed to agency determinations, referenced above, factors into a court's analysis. As explained by one Court,

> Ordinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of "our abundant deference to the ALJ," remand the case for further administrative proceedings. Consistent with this rule, we may enter an immediate finding of disability only if the record "overwhelmingly supports" such a finding.

*Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (citations omitted). This is consistent with the rules cited in the Report, such as the rule that an award of benefits is more appropriate when remand would serve no useful purpose, *Kornock. v Harris*, 648 F.2d 525, 527 (9th Cir. 1980), or when the record as a whole indicates that Plaintiff is disabled, *Parsons v. Heckler*, 739 F.2d 1334, 1341 (8th Cir. 1984).

Furthermore, other courts in this circuit, facing similar situations where an ALJ failed to consider important evidence, have opted to remand the case for reconsideration of that evidence.

*See e.g., King v. Califano*, 615 F.2d 1018 (4th Cir. 1980) (remanding with instructions "to give proper consideration to all the evidence."); *Westmoreland Coal Co., Inc. v. Russell*, No. 99-1411, 2000 WL 852804 at *1 (4th Cir. Jun. 28, 2000) (vacating decision and remanding to ALJ so that he "may reweigh the evidence"); *Dean v. Barnhart*, 421 F. Supp. 2d 898, 907 (D.S.C. 2006) (remanding and directing ALJ to consider reasons provided by treating physician or provide sufficient reasons for not considering them); *Young v. Barnhart*, 284 F. Supp. 2d 343, 356 (W.D.N.C. 2003) (remanding for failing to adequately explain credibility determinations and for failing to consider all relevant evidence).

        2.      <u>Plaintiff's own court submissions counsel remand</u>

In her brief to the Court, Plaintiff persuasively argued that the ALJ failed to consider the opinions of certain doctors discussed above. In concluding this first part of her argument, she stated, [T]herefore the Plaintiff is request [sic] this Court remand her case for consideration of the opinions in the record, and also with a request that the ALJ on remand request the opinion previously provided by Dr. Sloan but not admitted into the record." (Pl.'s Br. 20.) Plaintiff also persuasively presented the second part of her argument that the ALJ improperly disregarded evidence or failed to consider evidence, as discussed in more detail above. In concluding this portion of her brief, she stated, "Therefore the ALJ decision cannot be supported by substantial weight, and must be remanded for further consideration of all of the evidence submitted." (Pl.'s Br. 24.) Although the Court certainly has the power to grant relief beyond what is requested, in this situation, the Court agrees with Plaintiff that the proper course of action is remand to the ALJ for consideration of the entire record.

### 3.     Evidence in record does not overwhelmingly support finding of disability

The Court disagrees with the Magistrate Judge that "there is not the slightest uncertainty as to the outcome" in this case. Plaintiff has submitted hundreds of pages of medical evidence, much of which properly supports the ALJ's conclusion regarding Plaintiff's disability. The general rule is that "an award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability." *Briscoe v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005). Stated differently, a court "may enter an immediate finding of disability only if the record 'overwhelmingly supports' such a finding." *Buckner,* 213 F.3d at 1011 (citation omitted). In short, although there is evidence to support an award of benefits, that evidence is not "overwhelming" enough to warrant reversal without first remanding to Commissioner for consideration of the entire record.

Although the Court certainly sympathizes with Plaintiff and her protracted struggle to obtain benefits, for the reasons discussed above, remand is necessary. However, in doing so, the Court orders remand to a different ALJ so that he or she may take "a fresh look at the evidence, unprejudiced by the various outcomes of the ALJ and the Board's orders below." *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 537 (4th Cir. 1998). Additionally, because Plaintiff has been waiting for benefits for over six years, the Court orders that this new review be conducted as expeditiously as possible.

## III.    CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, except as to those objections relate to the issue of whether to reverse or remand. Further, the Court adopts the first nine and a half pages of

the Report to the extent that it is not inconsistent with this Order and incorporates it herein.  In light of the foregoing, it is the judgment of this Court that the Defendant's decision is **VACATED** and **REMANDED** for a consideration of the additional and conflicting evidence discussed above.

**IT IS SO ORDERED**.

Signed this 25th day of February, 2009, in Spartanburg, South Carolina.

                                               s/ Henry F. Floyd
                                               HENRY F. FLOYD
                                               UNITED STATES DISTRICT JUDGE